# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GREG CARTER,<br><br>    Defendant. | Case No. 2:04-cr-038-LDG (RJJ)<br><br>**ORDER** |

The defendant, Greg Carter, moves to clarify conditions of supervised release and the amount and current status of restitution (#303). The government has responded to the motion (#307).

As conceded by Carter, the Court ordered that he and his co-defendants pay restitution in the amount of $505,781.01. The Court also entered a Final Order of Forfeiture as to certain assets that had, as indicated in Carter's pre-sentence report, a total *estimated* value of $505,781.01. Neither party disputes that the proceeds of the forfeited assets would be credited toward the amount of restitution that the Court ordered. Carter argues that it was the intent of the parties that the forfeited assets would fully satisfy his (and his co-defendants') restitution obligation. The government does not deny that this was the intent of the parties, but responds that the final judgment entered by this Court was

for the sum certain of $505,781.01, rather than "the liquidated value of the forfeited assets." The government provides for an accounting of the forfeited assets, indicating that the net liquidated value of the assets ultimately amounted to $427,082.19, which amount was credited toward the restitution ordered by the Court.

In its oral pronouncement of the judgment, the Court stated:

> **The Court**: But in any event, the Court will impose a 70 month sentence as to each count.  It will be concurrent.  You will then be subjected to three years of supervised release.
>
> The fine as to the various counts is $250,000, as to each Count 1 through 16, as to Count 17 through 20, it's 500,000.  The guideline range is 12,500 to 125,000.  Probation has asked that I waive the fine and I'll do that.
>
> In terms of restitution, restitution of 505,781.01 will be a joint requirement, joint and several, and the forfeiture – the forfeiture has been approved by the Court, hasn't it Counsel?
>
> **Counsel for Government**: Your Honor, the Court has entered a preliminary forfeiture, that's correct.  We have the final order of forfeiture here.
>
> **The Court**: And you have no objection to that, [Counsel for Defendant]?
>
> **Counsel for Defendant**: No objection.
>
> **The Court**: And so restitution will be in the amount of $505,781.01.

In his reply, Carter, relies upon the following statement made by the Court later in the sentencing hearing:

> **The Court:** I have imposed a 70 month custodial sentence, all of the counts to run concurrent, and have ordered restitution in the amount of 505,781.01 that are joint and several.  That has been paid I understand by what has been taken by the government.

Having reviewed the sentencing transcript, the Court finds that it ordered restitution in the amount of $505,781.01.  The Court further recognized that the proceeds of the forfeited assets would be credited toward this amount of restitution.  The Court was also well aware, however, that the net value of the forfeited assets was *estimated* to be $505,781.01.  Nevertheless, the Court did not order that the crediting of proceeds of the

forfeited assets, if this estimate proved to be incorrect, would fully satisfy the amount of restitution owed.  Rather, the Court recognized only that the proceeds would be credited towards satisfying the restitution.  The Court's oral pronouncement at sentencing was that restitution was in the amount of $505,781.01, and that the proceeds of the forfeiture would be credited toward paying the restitution, and the written judgment accurately reflects that oral pronouncement.

The defendant, in his motion, also requested a determination of the outstanding amount of restitution.  The government has shown that the net proceeds of the forfeited assets amounted to $427,082.19.  The government has further shown that the co-defendants have paid a further $12,742.92 towards the restitution.  Accordingly, the balance due and owing by the defendant, joint and several with the co-defendants, is $65,955.73.

Therefore,

THE COURT **ORDERS** that Defendant Greg Carter's Motion to Clarify Conditions of Supervised Release and the Amount and Current Status of Restitution (#303) is GRANTED as follows: At sentencing, the Court ordered the Defendant jointly and severally liable for restitution in the amount of $505,781.01; further, as the Government has shown that $439,825.11 has been paid toward restitution owed by the defendant, the defendant is jointly and severally liable for the remaining balance of restitution in the amount of $65,955.73.

DATED this 19 day of October, 2012.

_____
Lloyd D. George
United States District Judge

3